STONE, Judge.
Following a non-jury trial, the court entered a final judgment for the plaintiff, Black, Starr & Frost. On rehearing, the court vacated that judgment and entered an amended final judgment in favor of the defendant, Prestige. We reverse.
By its initial judgment, the trial court found that the defendant, a pawnbroker, was indebted to the plaintiff, a third party lienor, for wrongfully selling goods upon which the plaintiff had an enforceable security interest. On rehearing, the trial court determined that section 715.04, Flor *298 ida Statutes [1], compelled a contrary result. That statute, in pertinent part, provides that “... any sale or disposal of property under this section shall terminate all liability of the pawnbroker and shall vest in the purchaser the right, title and interest of the seller or borrower and the pawnbroker.”
The 1985 amendment to this statute substituted the quoted language for a provision that terminated “all liability of the pledgee to the pledgor.” The appellee asserts that the new language indicates an intent to absolve pawnbrokers of all liability, including that owed to third parties. However, we note that chapter 715 does not concern a pawnbroker’s relationship to parties other than the customer and the purchaser. Section 715.04 does not purport to relieve a pawnbroker from all liability it might otherwise incur to third parties by virtue of obligations not in conflict with chapter 715.
Here, the initial liability, not in issue, was predicated on the creditor’s rights under chapter 679, the U.C.C. — Secured Transactions, and section 818.01, Florida Statutes, which concerns disposing of personal property under lien. We can discern no legislative intent from the context, wording, or history of the statute to absolve a pawnbroker of liability to a third party where the pawnbroker may have notice of the third party’s interest. We note that appellee filed no cross appeal questioning the initial judgment’s finding of liability under chapter 679 and section 818.01. We therefore do not address any issues concerning the validity of, or basis for, that judgment. We also do not address the other issue raised in this appeal, which is now moot.
The amended final judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
GLICKSTEIN, J., and WALDEN, JAMES H., Senior Judge, concur.

. Repealed by Laws 1989, c. 89-533, § 4, eff. Oct. 2, 1989. See, now, § 538.03, § 538.16.